In re **IVAN F. BOESKY SECURITIES LITIGATION.**

**ARDEN WAY ASSOCIATES, et al., Plaintiffs,**

v.

**Ivan F. BOESKY, et al., Defendants.**

**Matthew C. BUDINKO, Plaintiff,**

v.

**Ivan F. BOESKY, et al., Defendants.**

**BANKERS LIFE AND CASUALTY COMPANY, Plaintiff,**

v.

**Ivan F. BOESKY, et al., Defendants.**

MDL Dkt. No. 732.

Nos. 87 Civ. 1865 (MP), 89 Civ. 0845 (MP) and 89 Civ. 1882 (MP).

United States District Court, S.D. New York.

May 10, 1989.

Paul Weiss, Rifkind, Wharton & Garrison, New York City by Steven B. Rosenfeld, Eric P. Goldstein, for Michael Milken.

Lord Day & Lord, Barrett Smith, New York City by Michael Finkelstein, for Lowell Milken.

Cadwalader, Wickersham & Taft, New York City by George D. Reycraft, Richard J. Wiener, Debra L. Brown, for "Arden Way" plaintiffs and Bankers Life and Cas. Co.

Debevoise & Plimpton, New York City by Robert J. Geniesse, Marian Payson, for plaintiffs Farnsworth and Hastings Ltd. and F & H Associates, C.V.

Wolf Popper Ross Wolf & Jones, New York City by Stanley Nemser, for plaintiff Matthew Budinko.

## OPINION

### Order No. 41

MILTON POLLACK, Senior District Judge.

The plaintiffs in *Arden Way Associates v. Boesky*, 87 Civ. 1865 (MP) and *Farnsworth and Hastings, Ltd. v. Boesky*, 87 Civ. 1892 (MP) in *In re Ivan F. Boesky Securities Litigation*, MDL Dkt. No. 732, moved for an order granting them leave to serve and file an Amended and Supplemental Complaint. That motion was heard and relief was granted as set forth in the transcript of the hearing held on April 25, 1989.

Part of the relief sought by the moving parties was the addition of Michael Milken and Lowell Milken as new defendants in these litigations, under Rules 15(a), 18 and 21 of the Federal Rules of Civil Procedure. Decision on that application was reserved. Joinder of those individuals as defendants was posited on the ground of their pivotal roles in the conception, creation, promotion and capitalization of the Ivan F. Boesky & Company, L.P. ("the Partnership"), which allegedly were hidden from the plaintiffs, who invested in the Partnership upon its securities offering beginning in March 1987, until discovery in the course of document production conducted since March 21, 1988.

That discovery allegedly revealed for the first time, that from the outset, Michael Milken and Lowell Milken directed the terms and conditions of the Partnership's organization and capitalization, and demanded enormous cash fees and a lucrative equity interest in the Partnership and Seemala Partnership, L.P., in payment for their efforts. The documents so secured were said to place Michael Milken and Lowell Milken in the forefront of the fraud allegedly perpetrated on plaintiffs.

The moving parties further assert that a recent criminal Information filed against Drexel Burnham Lambert, Inc. ("Drexel"), and an SEC enforcement action commenced against Drexel, Michael Milken and Lowell Milken disclosed new and additional facts concerning Boesky's unlawful "criminal securities arrangement" with Drexel and, as plaintiffs now assert, with Michael Milken and Lowell Milken. This arrangement, referred to by plaintiffs as the "Drexel Arrangement," is said to have created for Boesky a veneer of legality and competency and to have set the scheme in motion that culminated in the conception and creation of the Partnership, by which plaintiffs and others were "duped" into purchasing $1 billion of Partnership securities in an offering fatally infected with fraud.

Plaintiffs' motion papers point out that Michael Milken and Lowell Milken have been on notice of the claims to be asserted against them by virtue of the allegations in the original *Arden Way* complaint against Drexel, which was filed on March 20, 1987. The moving parties point out that the Milkens were fully informed on Drexel matters, and were the persons principally responsible at Drexel for the Boesky Corporation reorganization, for the Partnership's Secu-

rities Offering and for Drexel's unlawful arrangement with Boesky and the Boesky Organization that promoted the fraud in the Partnership's securities offering.

The moving parties note that discovery of Michael Milken and Lowell Milken is inevitable, whether they are named as parties in the *Arden Way* action, or appear as third-party witnesses. The plaintiffs have already served a *subpoena duces tecum* on Michael Milken in the *Arden Way* action, to which Milken has responded with objections but no documents. Consequently, the addition of Michael Milken and Lowell Milken as new defendants will not materially add to the discovery taken in this case and will not unduly complicate or delay trial. The plaintiffs have demanded trial by jury in the cases.

The proposed amendments to the complaints would, *inter alia,* assert against the Milkens liability for aiding and abetting primary Section 10(b) violations under the 1934 Act already asserted against Boesky, Boesky & Kinder Partners, L.P., the Partnership, and the Ivan F. Boesky Corporation; liability against Michael Milken as a controlling person under Section 20 of the 1934 Act; a request for relief under Section 29(b) of the 1934 Act; liability for aiding and abetting violations of Section 12(2) of the 1933 Act, and causes of action arising under RICO, 18 U.S.C. § 1962(c) and (d), involving thirteen unlawful transactions including fraud in the offering of the Partnership's securities, a pattern of racketeering activity consisting of manipulating securities prices, illegally facilitating merger acquisition activities, concealing net capitalization deficiencies, generating phony "tax losses," illegally concealing the beneficial ownership of securities, and trading securities based upon material nonpublic information.

The moving parties assert with good reason that the said proposed defendants will not be unduly prejudiced by the allowance of the Amendments to the Complaint, whereas the denial of leave to amend would substantially prejudice the plaintiffs in these suits.

■ In response to the Motions to Amend the Complaint, counsel for the Milkens served a Notice of Motion for a Stay of All Proceedings "pursuant to the Court's inherent power" in *Arden Way, Bankers Life v. Boesky,* 89 Civ. 1882 (MP) and *Budinko v. Boesky,* 89 Civ. 0845 (MP),[1] pending the determination by the United States Supreme Court of a petition for writ of certiorari in the case of *Michael R. Milken, Lowell J. Milken, and Pamela R. Monzert v. Securities and Exchange Commission,* which seeks a review of the denial of a petition for a writ of mandamus by the Second Circuit Court of Appeals in *Securities and Exchange Commission v. Drexel Burnham Lambert et al.,* 861 F.2d 1307 (1988). Drexel is not a petitioner in that case, and in a settlement of the claims asserted against it has agreed not to carry the recusal matter any further in the *SEC* action or in any related case.

The proceeding in the Court of Appeals sought recusal of this Court under the provision of 28 U.S.C. § 455(a), on the ground of certain stock ownership of the Judge's spouse which was sold on June 29, 1988 to Bain Venture Capital, the sale having been closed on December 29, 1988.

On April 25, 1989, counsel for Michael Milken stated to the Court at the hearing on the motion for the stay:

Mr. Rosenfeld: Your Honor, we have not presented a record in this Court as to why, in the record of these cases, as to why this Court should recuse itself and we haven't made a motion for the court to recuse itself in these cases.... (Tr. 36)

Mr. Rosenfeld: With all due respect, Your Honor, we are not asking Your Honor to step aside in these cases. (Tr. 38)

The Court: I would like to hear what the record is that warrants recusal of this Court in this case without any review whatsoever of what went on there [in

---

1. The existing complaints in *Bankers Life* and *Budinko,* which are also part of MDL Dkt. No. 732, *In re Ivan F. Boesky Securities Litigation,* already had asserted claims against Michael and Lowell Milken, and Michael Milken, respectively.

*SEC v. Drexel* ]. I must abide by everything that occurred in the Court of Appeals, but in this case I must abide by the proof that you submit to me. (Tr. 40–41)

*   *   *   *   *   *

I think that you come to Court without any proofs, without any relevant proofs that relate to the subject of why I should step aside or make these lawyers in these private litigations stand still at your instance at this time. (Tr. 41)

Mr. Rosenfeld: We are not at this time seeking this Court's recusal in these cases. (Tr. 42)

The Court: [T]here is no record here to warrant any relief on your part because all you have done is to bring in collateral matters involving other litigation, asking me to assimilate that to this case. There is no such doctrine of law. (Tr. 42) ... [I]f you have any factual basis which you can conscientiously present to this Court I suggest you file it.... (Tr. 43)

In its Supplemental Memorandum in Support of the Motion for a Stay, Milken's counsel stated "[W]e do not purport to reargue the grounds for recusal—which we do *not* seek in these cases at this time." (Emphasis in original).

Although requested to provide relevant factual evidence addressed to the basis for a stay, no factual record was submitted related to or warranting a stay of these cases. The motion for a stay is accordingly denied.

Moreover, no valid argument or reason addressed to the requested amendments to the complaints was put forth, and the motions of the plaintiffs in *Arden Way* and *Farnsworth and Hastings* to add Michael Milken and Lowell Milken as party-defendants and to amend the complaints herein as requested, are granted under Fed.R.Civ. P. 15(a), 18 and 21.

SO ORDERED.

